### UNFAIR COMMENT ON THE EVIDENCE.

Superior Court of Cincinnati, General Term.

THE CINCINNATI TRACTION CO. v. EVA JENNINGS, ADMINISTRATRIX. *

Decided, March 20, 1907.

*Negligence—In Driving in Front of an Electric Car—Duty of Motorman to have His Car Under Control—Charge of the Court—Unfair Comment on the Evidence to the Jury—Exceptions to Action of the Court—Sufficient Warning to the Jury.*

1. The salutary rule that error will be presumed, where a trial judge fails to take any action with reference to unfair comment on the

---

* Affirmed by the Supreme Court without report, October 20, 1908, *Cincinnati Traction Co.* v. *Jennings.*

evidence by counsel, does not apply to a mere desultory remark of the character made by counsel in this case.

2. Where objection is made to a statement by counsel to the jury, and the court ignores the objection, an exception must be reserved if counsel desire to take advantage of the alleged error, and if the court failed to rule, the exception must still be noted.

3. When the court states that a document offered in evidence is ruled out, and directs the jury not to consider "any testimony out of the case"—that document or anything relating to it"—the jury is fully cautioned with regard to it, and the court has done all that it can fairly be asked to do.

4. It is not error to charge that where the jury have found that both the plaintiff (driver of a cab) and the motorman of the car which collided with the cab were negligent, they may then take into consideration whether the motorman had his car under control to such an extent that he could have avoided the accident after he saw, or by the exercise of ordinary care could have seen, the vehicle on the track.

5. Nor is it error to charge that "it is not negligence in the driver of a vehicle to attempt to cross a street car track ahead of an approaching car, when the car is so far away that by the exercise of reasonable care it might have been stopped before reaching the place of the crossing," where the circumstances of the case render such a charge appropriate.

*Kinkead & Rogers,* for plaintiff in error.
*Healy & McAvoy,* for defendant in error.

HOFFHEIMER, J.; HOSEA, J., concurs; SWING, J., concurs in a separate opinion.

This was an action to recover damages for wrongful death. A substantial verdict was rendered by the jury ($7,650), and in due course judgment was rendered thereon. There is no claim that the verdict is against the weight of the evidence, but error is prosecuted to this court for the reasons taken up *seriatim*—

1. It is claimed that there was misconduct of counsel at the conclusion of the direct examination of witness Della Wright. Plaintiff in error claims that counsel contemptuously remarked, and in the hearing of the jury: "It is very amusing." At page 172 of the record the following question was put:

Q. "Then what happened?"

A.   "There was a crash."
Mr. Rogers:   "That is all."
Mr. Healy:   "That is all.  It is very amusing."
Mr. Kinkead:   "I take exception to the remark of counsel."

The court it seems, did not take any action, and the claim is now made that this failure of the court to take action in effect amounted to an approval of counsel's comment, and that it led the jury to suppose that the court was in sympathy with the remark.   In other words, that the remark was clearly in the nature of *unfair comment* on the evidence, and that error will be presumed, unless it affirmatively appear that the prejudicial tendency had been removed by a proper instruction given by the court, or by a retraction of counsel, or both.  *C., P. & E. Railroad* v. *Pritschau,* 69 O. S., 438; *Hayes* v. *Smith,* 62 O. S., 186.

We do not doubt but that the rule announced in these cases is a most salutary one, when applied to circumstances justifying its application, but we do not believe that the principle was ever intended to apply to a mere desultory remark, such as this appears to have been.  In the Pritschau case the comments complained of were *numerous* and *untimely,* and in the Hayes case the frequent recurrence of the objectionable conduct is thus spoken of by the Supreme Court:

"Thus sustained and passing unrebuked by the court, although the attention of the latter was *frequently* challenged by counsel for defendant, it could not fail to impress itself on the jury as sanctioned by the character of counsel and approved by the trial judge."

2.   As shown on page 206 of the record, one of counsel for plaintiff below in addressing the jury made use of the following language:

"We think the evidence which has been adduced in this case has met substantially the statements made by Mr. Healy in his opening statement to you, although it has been with great difficulty apparently, owing to the objection of the other side to get at the facts in the case."

Counsel for plaintiff in error objected to this statement, and the court said:  "Go ahead."  By directing the counsel to go

ahead, it is claimed the court below expressly endorsed this language, and that this criticism of plaintiff in error's counsel tended to prejudice his client by misleading the jury, and directing their minds from the strict line of inquiry with which they were charged. We note that the record discloses plaintiff in error's objection, and that the court did not rule on the objection. While it may not be necessary to have the court's ruling, an exception must still be reserved. No exception appears to have been reserved, and consequently the point can be given no further consideration.

3.    It is claimed that the court erred in failing to instruct the jury that they were to disregard some alleged statements of counsel for plaintiff. below, with reference to a certain paper writing, with which counsel was endeavoring to call the witness' attention, evidently to some prior statement made therein.    It is not necessary to determine whether the court's ruling was correct (the court sustained plaintiff in error's objection), and we note that the court after it was requested to warn the jury that they were not to pay any attention to any remarks in regard to the paper, said:

The Court: "I fear I would make a mistake as much as if I ruled the other way. I would have to go into the grounds for the ruling at length."

Mr. Kinkead: "I just want them warned."

The Court: "I will say to the jury, I don't want them to consider any testimony out of the case. I have ruled that out of the case; *that document or anything that relates to it.*"

Mr. Rogers: "Or any other statement of counsel that related to that?"

The Court: "No, I decline to do that."

When the court said that the testimony sought to be introduced was ruled out, and when it instructed the jury that it was not to consider any testimony out of the case—"that document or anything relating to it"—we think the court had fully and sweepingly cautioned the jury in that regard, and had done all that could have fairly been asked. Without being captious, we do not see, in view of the caution thus given that the court's final instruction, that the jury was to base its verdict on "a

consideration of the evidence," how plaintiff in error could have suffered any prejudice for the reason urged.

4. The next error assigned is with reference to the court's general charge to the jury. After instructing the jury on the alleged negligence of the railroad company and the alleged negligence of deceased, the court instructed the jury that, if they should find that the company was negligent, and Jennings was negligent—

"Then it would be your duty to go another step, and go into the examination of the conduct of the servants of the railroad company after they had discovered, or in the exercise of ordinary care could have discovered the danger the driver, Jennings, was in at the time. On that point the duty is on the railroad company, through its motorman, to have its car under what is called control. That is, the car must be in the power, dominion and government of the motorman, to such an extent that when he saw this vehicle on the track, or when by the exercise of ordinary care in his duty of looking out and watching for vehicles, he ought to have seen this cab on the track, he could stop his car within a reasonable time and reasonable distance, so as to avoid, if possible, the collision."

Counsel for plaintiff in error asserts that the court below in giving this charge followed *P., C., C. & St. L.* v. *Hall*, 3 O. L. R., 364, and asks this court to reverse that ruling. Since the case under consideration has been submitted the Hall case has been affirmed by the Supreme Court, and we therefore are of opinion that the charge as given by the trial court was proper. See, also, *Railway Co.* v. *Schade*, 15 C. C., 424; *Railroad Co.* v. *Snell*, 54 O. S., 206.

5. It is claimed the court erred in giving special charge No. 1. The special charge is as follows:

"It is not negligent in the driver of a vehicle to attempt to cross a street car track ahead of an' approaching car, when the car is so far away that by the exercise of reasonable care it might have stopped before reaching the place of crossing."

We think this was justified by the evidence. See, also, *Railroad Co.* v. *Westenhuber*, 22 C. C., 67, at page 69 (affirmed 65 O. S., 567).

6. Charge No. 4 was also complained of, and we likewise think this charge was justified. See Nellis on Street Railroad Company Accident Law, at page 704, and cases cited.

We find no error in the court's refusal to give the next special charge, claimed to have been requested by defendant below. The record states that this charge was requested by plaintiff below, but if we have any right under these circumstances to consider this charge at all, we think it would still have been for the jury to say whether the deceased had been negligent in undertaking to pass in front of the approaching car.

The special charges requested by defendant below we think were properly refused, and we are of opinion that the general charge of the court, taken as a whole, was a fair exposition of the law governing the case.

Finding no error prejudicial to the plaintiff in error, we are of opinion that the judgment should be affirmed, and it is so ordered.

SWING, J. (concurring opinion).

I have been slow to agree with the majority of the court as to the correctness of the charge of the trial court to the jury in the respect chiefly complained of by plaintiff in error.

The trial court in the charge instructed the jury, pages 5 and 6 of the record, as to ordinary care on the part of the motorman of the car, that in determining the question they—

"Would have a right to say from the testimony how rapidly was the car moving, was a gong being sounded—was it sounded —whether the conditions were such that plaintiff could see the approaching car, the character of the day, and all the circumstances in evidence which would aid you in determining whether ordinary care under the circumstances of the case had been exercised by the defendant company."

Again, record, page 6, the court said:

"If therefore you should find that the accident was the result of the combined negligence of both plaintiff and defendant, or that it would not have occurred unless the plaintiff himself had been negligent, then no recovery can be had by the plaintiff."

Again, record, page 7:

"It must appear before recovery can be had that plaintiff was not guilty of contributory negligence."

The court further said, record, page 8:

"The duty imposed upon the defendant was a duty upon the part of the motorman to keep a vigilant watch and look out for vehicles and persons who might be upon the track—or approaching the track—and you are to say from the evidence, whether he did keep such vigilant watch and look out."

Further, record, page 9, the court said:

"If the motorman saw, or in the exercise of his duty should have seen the vehicle on the track or approaching the track, then the duty was imposed upon him of giving such a warning or signal as a man of ordinary prudence would have given."

The court charged the jury quite clearly, record, pages 10, 11, 12, 13, 14, as to the duty of plaintiff being upon the track and the law as to contributory negligence on his part, what due care on his part required, stating again that if he acted without such care and so directly contributed to the happening of the accident, he could not recover.

With all these matters contained in the charge no fault can be found.

But the complaint is that after so charging the jury, the court, record, pages 14, 15, said:

"If you should find that there was negligence upon the part of the railroad company and negligence on the part of Jennings, then it would be your duty to go another step and go into the examination of the conduct of the servants of the company after they had discovered or in the exercise of ordinary care ought to have discovered the danger the driver, Jennings, was in at the time. On that point, the duty is upon the railroad company, through its motorman, to have his car under what is called control, that is, the car must be in the power of the motorman to such an extent as that when he saw this vehicle on the tracks—or when by ordinary care in his duty of looking out and watching for vehicles he ought to have seen this cab on the track—he could stop his car within reasonable time and distance so as to avoid if possible the collision."

It is urged by counsel for plaintiff in error that while it is the law that the motorman after he has seen the vehicle in danger must use his endeavors to stop the car and avoid injury, and a failure to do so, where the injury could have been avoided by his doing so, will excuse contributory negligence, yet actual knowledge on the part of the motorman is necessary to the application of the rule, and that is was error for the court to say that if he did not use such endeavors after he saw, or after he could have seen the danger if he had kept proper watch, the plaintiff could recover notwithstanding contributory negligence; that while a failure to see when he ought to have seen is negligence which makes the company liable, it is not such negligence as will excuse contributory negligence; that the court had already charged the jury to that effect and that this last charge was necessarily a contradiction of the former instruction if not itself contradictory in terms. This seems to me true unless it can be said that there may be negligence in not seeing and then further negligence in not seeing.

But after having read the entire record in the case, and after having considered the whole charge with care, I am inclined to think the error, if error it was, not so calculated to mislead and confuse the jury as to have been prejudicial to the defendant company and to require a new trial of the case, the verdict being warranted by the evidence.

I am the more inclined, if not indeed required, to concur with my associates in affirming the judgment of the court below as to this question in the charge for the following reasons: This court, General Term, Judge Littleford of Common Pleas sitting and dissenting, in case of, *Veronicka Hall* v. *P., C., C. & St. L. Ry. Co.*, Vol. 3 O. L. R., p. 364, held, as stated in the syllabus, as follows:

"It is a proper instruction to the jury to say that a plaintiff may recover notwithstanding his own negligence exposed him to risk of injuries of which he complains, if the defendant after he became aware or ought to have become aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him, and was thereby injured."

The judgment of this court in the Hall case was recently affirmed by the Supreme Court without report.

The same charge, or substantially the same, was held good in the Circuit Court of Cuyahoga County in the case of *L. S. & M. S. Ry. Co.* v. *Schade*, 15 C. C., 424, which was affirmed by the Supreme Court without report. The last reported case on the same or substantially the same question, as it appears to me, decided by our Supreme Court, is the case of *The Erie R. R. Co.* v. *McCormick*, 69 O. S., 45, in which it is held in the syllabus as follows:

"In an action against a railroad company by one who, by his own fault, is upon its tracks and in a place of danger, to recover for a personal injury caused by the failure of its employes operating one of its trains to exercise due care after knowledge of his peril, it is necessary to show actual knowledge imputable to the company. *R. R. Co.* v. *Kassen*, 49 O. S., 230, distinguished."

In the opinion in the McCormick case, the court, speaking of "the law which defines liability for the wanton and willful infliction of the injury," says:

"The concrete rule upon the subject is that if one is upon the track of a railroad company by his own fault and in peril of which he is unconscious, or from which he can not escape, and these facts are actually known by the engineer, it is his duty to exercise all reasonable care to avoid the infliction of injury."

Again it is said in discussing the Kassen case:

"It is entirely, clear, therefore, that the liability of the company was placed upon the sole ground that after receiving actual notice that Kassen was upon the track and in a position of peril, it failed to use the means at hand to avoid injury to him."

It is also said in the opinion as to the rule:

"It does not impose the duty to exercise care to discover that one is so upon the tracks (*i. e.*, upon the track by his own fault), is in a place of danger, but it does impose a duty to be exercised upon the actual discovery."

The decision in the McCormick case has not been reversed or modified by our Supreme Court in any reported case.

It is urged that the rule stated in the McCormick case does not apply to a street railway case, where a person had an equal right with the street car to the use of the part of the street occupied by the car tracks and where the motorman is required to keep a look out for persons on the track. Although it is held in *Kistler* v. *P., C., C. & St. L. R. R.*, 66 O. S., 326, that "It is the duty of a locomotive engineer to keep a look out on the track ahead of the train," and to use ordinary care to prevent injury to a person who is evidently going on the track, I am not able to see clearly that the distinction is a good one. I am not able to see clearly how there can be "the wanton and willful infliction of injury" in a street railway case any more than in a steam railway case, without actual knowledge, or how it can be said that if the defendant company was negligent in not seeing the person on the track and the person on the track was also negligent, guilty of contributory negligence, the plaintiff can not recover, and yet that it can be said that if the defendant company was guilty of negligence in not knowing that the plaintiff was on the track, such negligence will excuse the contributory negligence of the plaintiff under all the circumstances.

If the plaintiff in a street car damage case can not be held accountable for contributory negligence when the negligence of the motorman was in not seeing him when he should have seen him, is there then any such thing as contributory negligence in a case where one is struck by a moving car?

I do not say that there may not be a case in which the negligence is so gross as to be practically "wanton and willful," and wicked, but that, I think would be different from the ordinary case of negligence of the motorman in not seeing when he should have seen, and governed by a different rule, the very rule as to wanton and willful negligence where the failure to see was practically as gross and culpable misconduct as the failure to use care after seeing, but it is not claimed that this is such a case.

Nevertheless, as I have said, in view of the facts in this case, regarding the verdict as warranted by the evidence, and considering the error, if any there was, as not prejudicial in this particular case, and in view of the decisions which I have quoted as affirmed without report, I concur in the affirmance of the judgment of the court below.

### OPINION ON REHEARING.

*Per Curiam.*

The overwhelming consensus of testimony shows that the defendant's cab was upon the car track in front of the car a considerable time before the collision. The plaintiff in error attempted to show that it turned completely out of the track and the motorman put on increased power, and that defendant's cab came on to the track again too close to the car to avoid a collision. This was the issue of fact submitted to the jury. Their verdict is in accordance with the weight of the testimony in favor of the contention of plaintiff below, and cuts out the basis of fact on which alone the last chance doctrine could rest.

Under the testimony we do not see how any other verdict could be sustained. This being so, the errors of the trial court complained of are immaterial. 5 O. S., 88; 8 O. S., 405; 37 O. S., 49; 49 O. S., 82.

Judgment affirmed.